HENRY W. COOKE COMPANY *vs.* HELEN S. SHELDON *et al.*

FEBRUARY 1, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

102

SWEENEY, J.   This case is before the court on defendants'
exception to a ruling of the Superior Court granting plain-
tiff's motion for summary judgment for $937.93.

Jurisdiction to order summary judgment in any action on
contract, express or implied, where the plaintiff seeks to
recover a debt or liquidated demand in money is conferred
by Chapter 1343, P. L. 1929.

This is an action of the case in assumpsit.   The declara-
tion contains a count on book account alleging a balance
due of $1,282.65 and the common counts.

Plaintiff annexed to its writ an affidavit which stated that
in the opinion of the affiant there was no defense to the
action and filed with its writ and declaration on March 18,
1932, a motion for judgment for the amount of its debt,
with interest thereon.

Defendants' attorney duly answered the case March 25
by filing pleas of the general issue and set-off and an affidavit
of defense.   After a hearing on the sufficiency of the
affidavit of defense, by order of court plaintiff filed a bill of
particulars April 22 showing the items making up its claim
and a balance of $933.46.

On May 2, defendants moved that plaintiff be required
to furnish a further bill of particulars.   Plaintiff's attorney
loaned defendants' attorney a lengthy itemized account
showing all receipts and disbursements in plaintiff's manage-
ment of defendants' property and its loan account with
defendants.   Having this knowledge of the particulars of
plaintiff's claim, May 21, defendants filed a second affidavit
of defense in answer to the motion for summary judgment.
At the hearing on the motion the court ruled the affidavits did

not show a defense and ordered summary judgment for plaintiff. . Defendants contend that the court erred in this ruling.

The summary judgment statute, Chapter 1343, provides that judgment shall be entered forthwith "unless the defendant by affidavit or by his own evidence or otherwise, shall show to the satisfaction of the court that there is a substantial question of fact in dispute."

The law relating to summary judgment is comparatively new in this State. It is similar to that which has been enacted in several states. The purpose of the law is to prevent unnecessary delay and further the prompt administration of justice. The affidavit is the distinguishing feature of summary judgment proceedings. The affiant must have such knowledge of the facts stated in his affidavit as would make him a competent witness. General language in an · affidavit of defense is insufficient. The defendant must show to the satisfaction of the court that there is a substantial question of fact in dispute. The affidavit must state in definite terms the ground of defense and contain evidential facts and not conclusions. *Rosenthal* v. *Halsband*, 51 R. I. 119; *Sutter* v. *Harrington*, 51 R. I. 325.

The affidavits filed by defendants do not dispute the correctness of any item of debit or credit appearing in plaintiff's bill of particulars or in the account loaned to their attorney. Defendants do not point out any overcharges for commissions or services or mistakes in the computation of interest. The general allegations in the affidavits, that defendants have a right of action against plaintiff for money had and received and counter claims and set-offs, are not supported by any statement of facts to show defendants have a real defense to the action.

Defendants also contend that plaintiff's claim for services, commissions and interest for managing their real estate is not a liquidated demand within the meaning of said chapter 1343. Plaintiff is entitled to the benefit of this chapter as its action is founded upon contract and is brought to recover money due. The common counts will support a motion for summary judgment.

Defendants claim that the Superior Court had no power to enter summary judgment because plaintiff's proof of claim showed the amount due to be less than $1,000. We have held that the debt or damages laid in the writ is the test of the jurisdiction of the Superior Court and not the amount actually found to be due the plaintiff. *Ryder* v. *Brennan*, 28 R. I. 538.

The other points made by defendants have been considered and found to be without merit.

Defendants' exception is overruled and the case is remitted to the Superior Court.

*Greenough, Lyman & Cross, Harvey S. Reynolds, Paul H. Hodge*, for plaintiff.

*William Law*, for defendants.