Kristin Marie GOSSELIN et al.

v.

AUTOMOBILE CLUB INSURANCE COMPANY.

No. 89–109–Appeal.

Supreme Court of Rhode Island.

May 25, 1990.

Kevin S. Cotter, Gunning, LaFazia & Gnys, Inc., Providence, for plaintiff.

Richard L. Patz, Hines, Patz & Wolpert, Inc., Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before the court on appeal of the plaintiffs, William Gosselin (Mr. Gosselin) and Nancy Gosselin (Mrs. Gosselin), and cross-appeal of the defendant, Automobile Club Insurance Company (Auto Club). The plaintiffs appeal the Superior Court judgment finding that Mr. and Mrs. Gosselin were not entitled to recover from the underinsured-motorist insurance policy issued to Mrs. Gosselin by the defendant. The court also entered judgment for Kristin and Jared Gosselin, the two minor children of Mr. and Mrs. Gosselin, finding that they were entitled to sue under the underinsured-motorist provision of Mrs. Gosselin's insurance policy. For purposes of discussion we relate the relevant facts.

The insurance policy in question was issued by Auto Club to Mrs. Gosselin on October 23, 1985, to be effective from that day until April 23, 1986. This policy provided coverage for "uninsured/under-insured motorist protection" in the amount of $50,000 per person and $100,000 for each accident.

On April 12, 1986, at approximately 12:50 a.m. Mr. Gosselin was driving Mrs. Gosselin's motor vehicle on Route 95 in Warwick, Rhode Island when the vehicle struck the median barrier and became disabled. Shortly thereafter Mr. Gosselin was struck by a vehicle owned by Kim Elliot (Elliot). As a result of the accident, Mr. Gosselin was injured and incurred medical expenses in the total amount of $28,251.73. Mr. Gosselin also suffered a lost earning capacity of $4,050. A passenger in the Elliot car was also injured as a result of the accident.

Elliot was insured up to $100,000 for bodily injury. Elliot's insurer settled in the amount of $7,500 with the passenger in

Elliot's car. The claims of plaintiffs, Mr. and Mrs. Gosselin, were settled for $92,500.

After settling their claims with Elliot's insurer, Mr. and Mrs. Gosselin and their two minor children made a demand on Auto Club for benefits under the underinsured-motorist section of the policy issued to Mrs. Gosselin. Auto Club refused to make any payment to the plaintiffs on any of their claims, arguing that the underinsured coverage was not available to them.

The plaintiffs then commenced an action for declaratory relief in the Superior Court. The Superior Court found that Mr. and Mrs. Gosselin had liquidated their claims by settling with Elliot's insurer. With respect to Kristin and Jared Gosselin, however, their claims had not been liquidated, and therefore, in regard to them, Elliot was an underinsured motorist. The plaintiffs and defendant now appeal to this court.

■ In deciding whether the Gosselins have a claim against their insurer, Auto Club, we must first determine whether Elliot, the tortfeasor who injured Mr. Gosselin, was an underinsured motorist. The definition of underinsured motorist can be found in G.L.1956 (1979 Reenactment) § 27–7–2.1(B), as amended by P.L.1985, ch. 197, § 1:

> "(B) For the purposes of this section, 'uninsured motorist' shall include an underinsured motorist. An underinsured motorist is the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount less than the amount of damages that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness or disease, including death resulting therefrom."

In order to qualify Elliot as an underinsured motorist, the family member bringing a claim under the policy must be "legally entitled to recover" damages from Elliot. If Elliot's liability-policy limit was less than the actual amount of damages sustained by plaintiffs, which they were legally entitled to recover from Elliot, then Elliot was an underinsured motorist as defined in § 27–7–2.1(B). *VanMarter v. Royal Indemnity Co.*, 556 A.2d 41, 42 (R.I.1989).

■ The plaintiffs argue that the trial justice should have concluded his discussion of the issue of Mr. and Mrs. Gosselin's ability to recover under Mrs. Gosselin's underinsured-motorist policy at this point. They claim that the trial justice inappropriately decided that Mr. and Mrs. Gosselin had liquidated their damages and were therefore not "legally entitled" to collect any more from Elliot. The trial justice stated that because Mr. and Mrs. Gosselin were not legally entitled to collect from Elliot, they were not entitled to collect under Mrs. Gosselin's underinsured-motorist insurance policy.

We disagree with plaintiffs. When the trial justice was asked whether Mr. and Mrs. Gosselin were permitted to collect under the underinsured-motorist policy, he was necessarily required to interpret the term "underinsured motorist" as used in § 27–7–2.1(B). Deciding whether Mr. and Mrs. Gosselin had liquidated their damages was necessary in order to determine whether Elliot was an underinsured motorist in regard to them. If Elliot was not an underinsured motorist in regard to them, Mr. and Mrs. Gosselin were not "legally entitled" to collect from Elliot or under Mrs. Gosselin's underinsured-motorist policy.

The plaintiffs also object to the trial justice's discussion of that portion of Mrs. Gosselin's insurance policy prohibiting the insured's settlement with the tortfeasor without the consent of the insurer. The trial justice noted that because of the settlement with Elliot, Auto Club lost subrogation rights. The plaintiffs argue that the insurer's subrogation rights and permission or nonpermission to settle were not at issue in the case.

■ In deciding this issue of Mr. and Mrs. Gosselin's ability to collect from Auto Club, we do not address that portion of the trial justice's opinion relating Auto Club's inability to enforce subrogation rights. Although we agree that the signing of a release will affect an insurer's subrogation rights against a tortfeasor, the record is

unclear whether Auto Club ever consented in writing to Mr. and Mrs. Gosselin's settlement with Elliot. In arriving at our conclusion, we focus on the language of § 27–7–2.1(B) relating to a person being "legally entitled to recover" against a tortfeasor. As Mr. and Mrs. Gosselin were not legally entitled to recover from Elliot because of the settlement between the parties, we conclude that Mr. and Mrs. Gosselin could not collect under their own underinsured-motorist insurance policy.

As was consistent with this reasoning, the trial justice correctly determined that Kristin and Jared Gosselin had not liquidated their damages and therefore were "legally entitled" to maintain a cause of action against Elliot. Elliot had reached her limit on her insurance policy by settling with the passenger in her car and Mr. and Mrs. Gosselin. Elliot was therefore an underinsured in regard to Kristin and Jared. The children are as a result entitled to maintain an action for loss of society and companionship pursuant to G.L.1956 (1985 Reenactment) § 9–1–41, as amended by P.L.1988, ch. 544, § 1.

In conclusion we hold that the trial justice was correct in finding that Mr. and Mrs. Gosselin were not entitled to recover from Auto Club under the underinsured-motorist insurance policy and in finding that Kristin and Jared Gosselin were entitled to sue under the underinsured-motorist policy.

The plaintiffs' and the defendant's appeals are denied and dismissed. The judgment of the Superior Court is hereby affirmed.