Marie PRENATA et al.

v.

AETNA CASUALTY AND SURETY CO.

No. 95–276–Appeal.

Supreme Court of Rhode Island.

April 12, 1996.

Charles Levesque, Middletown.

Michael R. DeLuca, Stuart Hallagan, III, Providence.

## ORDER

This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why this appeal should not be summarily decided in light of this court's decision in *General Accident Insurance Company of America v. Cuddy,* 658 A.2d 13 (1995). After hearing the arguments of counsel and examining the memoranda submitted by the parties we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The plaintiffs, Marie and John Prenata, and their minor son, Michael (plaintiffs), appeal from a Superior Court summary judgment entered in favor of defendant, Aetna Casualty and Surety Company (defendant). The facts giving rise to this appeal are virtually undisputed by the parties and are as follows.

On October 14, 1990 plaintiffs were involved in a motor-vehicle accident with a vehicle operated by Francis Atchison (Atchison). At the time of the accident, plaintiffs' motor vehicle was insured by defendant. The plaintiffs alleged they were injured as a result of the accident and sought to recover from defendant pursuant to the uninsured-motorist provision of their policy. The plaintiffs claimed that their damages exceeded Atchison's liability coverage. Atchison's motor-vehicle insurance policy had a limit for liability coverage in the amount of $50,000 per person, and $100,000 per accident.

The plaintiffs' uninsured-motorist claim against defendant was submitted to arbitration pursuant to the arbitration provision contained in the policy. On October 27, 1994 an arbitration panel determined that plaintiffs suffered damages in the total amount of $66,000. The plaintiffs thereafter demanded payment from defendant, asserting that they were entitled to that amount pursuant to the terms of the uninsured-motor-vehicle provision in the policy. The defendant denied payment. In response to defendant's refusal to pay, plaintiffs filed a declaratory judgment action in the Superior Court, and following a hearing a Superior Court motion justice granted defendants' motion for summary judgment. The plaintiffs have filed the instant appeal.

The plaintiffs contend that *Cuddy* is distinguishable from the instant case on the basis of the language contained in the insurance policy issued by defendant. Specifically, plaintiffs contend that the definition of "underinsured motorist" in the policy is contrary to the statutory language contained in the uninsured-motorist statute, G.L.1956 § 27–7–2.1. Under the policy, an underinsured motor vehicle is defined as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limits the covered person is legally entitled to recover." Pursuant to § 27–7–2.1 an uninsured motorist includes an underinsured motorist, which is defined as "the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount less than the *limits or damages* that persons insured pursuant to this section are legally entitled to

recover because of bodily injury, sickness, or disease, including death resulting therefrom." (Emphasis added.) Section 27–7–2.1.

This court is of the opinion that the facts of this case fall squarely within the rule of *Cuddy*, despite the slight variation in the language of the policy from the language contained in § 27–7–2.1. In *Cuddy*, the insureds presented essentially the same argument now articulated by plaintiffs in the instant case. We rejected the insureds' position in *Cuddy*, and held that to satisfy the statutory definition of uninsured motorist in § 27–7–2.1, a claimant must establish the amount he or she is legally entitled to recover from the tort-feasor, and establish that the claimant's damages exceed the tort-feasor's coverage. *Cuddy*, 658 A.2d at 16. In the instant case, as in *Cuddy*, plaintiffs have not satisfied the definition of uninsured motorist in § 27–7–2.1. Accordingly, we conclude that the motion justice properly granted defendant's motion for summary judgment.

For these reasons the plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed. The papers of the case are remanded to the Superior Court.