Robert D. Parrillo, Thomas R. Bender, Providence, for Plaintiff.

Ronald J. Resmini, Barrington, for Defendant.

**Susan M. Bizzacco THIBODEAU et al.**

v.

**METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY.**

No. 95–386–APPEAL.

Supreme Court of Rhode Island.

Sept. 18, 1996.

## OPINION

PER CURIAM.

This is an underinsured-motorist controversy in which the insured plaintiffs, Susan M. Bizzacco Thibodeau (Thibodeau) and Carolyn Bizzacco (Bizzacco), appeal from the Superior Court's entry of a summary judgment in favor of their insurer. The appeal came on to be heard by a panel of this court after an order directed both sides to show cause why the issues raised should not be determined summarily. Having carefully considered their arguments, we conclude that cause has not been shown and shall therefore proceed to the merits of the appeal.

The facts are uncontested. In May 1987 defendant, Metropolitan Property and Liability Insurance Company (Metropolitan), renewed an automobile policy previously issued to Bizzacco in which Thibodeau was a named insured. At the time the policy was renewed, G.L.1956 § 27–7–2.1(B) defined an underinsured motorist as

"the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount less than the *limits* that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness or disease, including death resulting therefrom." (Emphasis added.) P.L.1986, ch. 334, § 1.

After renewing the policy in May 1987, Metropolitan increased the limit of Bizzacco's liability coverage in August 1987. One month earlier, however, in July 1987, § 27–7–2.1(B) was amended in pertinent part as follows:

"An underinsured motorist is the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount less than the *limits or damages* that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness or disease, including death resulting therefrom." (Emphases added.) P.L.1987, ch. 380, § 1.

On August 16, 1987, Thibodeau was involved in an automobile collision with one Eric Levine (Levine). After Metropolitan denied her request for underinsured-motorist benefits, plaintiffs filed a declaratory-judgment action in Superior Court.

Both sides seasonably moved for summary judgment. The plaintiffs argued that Metropolitan's increase of their liability coverage in August 1987 created a new insurance contract, that the amended version of § 27–7–2.1(B) applied to the new contract, and that Levine was therefore an underinsured motorist because Thibodeau's *damages* exceeded the limits of Levine's insurance coverage. Metropolitan countered that the August increase did not constitute the issuance and delivery of a new policy, that the older version of § 27–7–2.1(B) controlled, and that Levine was therefore not an underinsured motorist because his coverage exceeded the *limits* of Bizzacco's policy. The motion justice agreed with Metropolitan and entered summary judgment in its favor. The plaintiffs appealed. We now affirm, albeit on

different grounds. *See Andersen v. Sundlun,* 625 A.2d 213, 215 (R.I.1993) (Supreme Court can affirm the grant of summary judgment on a basis not relied on by the court below if supported by the law and the record); *see also Jordan v. Jordan,* 586 A.2d 1080, 1085 (R.I.1991) (Supreme Court "will uphold a correct decision notwithstanding the reasoning upon which it rests").

Because plaintiffs' case fails under either version of § 27–7–2.1(B), we need not decide which of them should have been applied. The plaintiffs' counsel forthrightly acknowledged at oral argument that his clients could not maintain a claim under the older version of the statute. And assuming, *arguendo,* that the 1987 version controlled, Thibodeau still had to establish the amount that she was "legally entitled to recover" and prove that her damages exceeded the alleged tortfeasor's (Levine's) coverage. *See General Accident Insurance Company of America v. Cuddy,* 658 A.2d 13, 16 (R.I.1995) (discussing the "limits or damages" language in § 27–7–2.1(B)). In *Cuddy* we said that to avoid summary judgment

"a claimant must prove that he or she is entitled to invoke § 27–7–2.1 by introducing admissible evidence documented and explained in affidavits that his or her damages exceed the limits of coverage of the negligent tortfeasor. That is, the claimant must introduce material evidence that proves the damages, and upon such evidence a determination can be made as to whether the underinsured coverage is applicable." 658 A.2d at 17.

The plaintiffs, however, made no such showing here. They failed to come forward with competent and reasonably definite evidence to raise a material issue of fact in regard to whether Thibodeau's damages exceeded Levine's coverage. Although an arbitrator opined that Thibodeau's damages were $825,000 (plus interest [1] and costs), plaintiffs concede that this "opinion [was] *not* a decision or an award of damages, but rather a

---

1. Statutory prejudgment interest to the date of the arbitrator's opinion totaled $429,000. However, prejudgment interest cannot be "tacked onto an award for purposes of triggering under-

insured-motorist recovery pursuant to § 27–7–2.1(B)." *Balian v. Allstate Insurance Co.,* 610 A.2d 546, 550 (R.I.1992).

*non-binding* assessment." In any event, the $825,000 damages figure fell well below Levine's available coverage of $950,000. Absent the requisite showing by the plaintiffs that Thibodeau was "legally entitled to recover" more than the available limits of the alleged tortfeasor's (Levine's) insurance coverage, the granting of the defendant's summary-judgment motion was proper.

For these reasons, we deny and dismiss the plaintiffs' appeal, affirm the summary judgment for the defendant, and remand the papers in the case to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.