## C.G.U. INSURANCE CO., et al.

### v.

### Assunta DeCARO.

### No. 2000–374–Appeal.

Supreme Court of Rhode Island.

Feb. 8, 2002.

Patricia A. Buckley, Providence.

Lawrence J. Cappuccio, Westerly.

### O R D E R

Assunta DeCaro (DeCaro) appeals from the entry of summary judgment in favor of the plaintiff, C.G.U. Insurance Company (CGU), and from the dismissal of her claim for uninsured/underinsured motorist coverage against CGU.

On April 18, 1994, DeCaro was injured in an automobile collision while riding as a passenger in an automobile owned by Francesco Scarcello (Scarcello). Scarcello's vehicle was insured by CGU for bodily injury to the amount of $50,000 coupled with a $300,000 provision for uninsured/underinsured coverage for bodily injury. The CGU policy also provided for medical payment coverage to the amount of $5,000. The tortfeasor driver's vehicle was insured by Allstate Insurance Company (Allstate). CGU paid DeCaro the full amount due her for medical payment coverage. It then gave notice to Allstate that it was asserting a subrogation lien for the medical payments.

In June 1995, DeCaro's attorney notified CGU that DeCaro was seeking permission to settle her claim against Allstate's insured tortfeasor. CGU informed DeCaro's attorney that CGU's permission to sue Allstate's insured tortfeasor was not required

if Allstate was offering to settle DeCaro's claim for the full amount of its policy coverage ($50,000). DeCaro did subsequently settle her personal injury claim with Allstate for $40,000, which was less than the $50,000 CGU policy limit. CGU then filed the instant action against DeCaro to recover the $5,000 in medical payments that it previously had paid to her. DeCaro counterclaimed for uninsured/underinsured motorist coverage. CGU moved for summary judgment on its claim for medical payment reimbursement and to dismiss DeCaro's counterclaim. Both motions were heard and granted by a Superior Court hearing justice. DeCaro timely appealed to this Court.

Following a prebriefing conference, the parties were directed to appear and show cause why the issues raised in this appeal should not summarily be decided. The parties did appear and, after considering their legal arguments and memoranda, we conclude that cause has not been shown. Therefore, we proceed to summarily decide the appeal.

DeCaro's appeal poses two issues for our consideration. First, is CGU entitled to be reimbursed for medical payments it made to DeCaro under its medical payment policy provisions? We need look no further than the clear language of the CGU policy to answer that question,—it is.[1] The second issue is whether DeCaro can maintain an uninsured/underinsured claim against CGU?

Section 27–7–2.1(g) of the Rhode Island General Laws resolves the second issue. It provides that an " 'uninsured motorist' shall include an underinsured motorist" and defines an underinsured motorist as:

> "the owner or operator of a motor vehicle who carries automobile liability in-

---

1. At oral argument before us, the parties informed the Court that Allstate had reimbursed CGU for the medical payments made to DeCaro.

surance with coverage in an amount less than the limits or damages that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness, or disease, including death, resulting therefrom." § 27–7–2.1(g).

In *General Accident Insurance Co. of America v. Cuddy,* 658 A.2d 13, 16–17 (1995), we stated that "[i]n order to invoke uninsured/underinsured coverage, it is necessary to determine whether the tortfeasor's liability policy limit is less than the actual amount of damages sustained by the claimant, damages that the claimant is legally entitled to recover from the tortfeasor."

In this case, CGU's policy provided for a $50,000 tortfeasor liability limit. DeCaro settled her claim with Allstate for $40,000. Thus, she fails to meet the statutory definition of an uninsured/underinsured motorist as provided by § 27–7–2.1(g). Additionally, CGU never consented to DeCaro's settlement of her claim against Allstate. A pertinent provision in CGU's policy provides that:

> "A. We do not provide Uninsured Motorist Coverage for 'bodily injury' sustained by any person:
>
> * * *
>
> "2. If that person or the legal representative settles the 'bodily injury' claim without our consent."

We are satisfied from the record before us in this case that the motion hearing justice did not err in granting CGU's motion for summary judgment on its claim for medical payment reimbursement and in granting CGU's motion to dismiss DeCaro's Uninsured/underinsured motorist claim.

For the foregoing reasons, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court, to which we return the papers in the case.