DECISION
This matter is before the Court on the motion of the defendant, East Bay Insurance, for a new trial, pursuant to Super R. Civ. 59, to which the plaintiff, Progressive Northwestern Insurance Company (Progressive), objects. On November 13, 2000, the jury returned a verdict in favor of Progressive.
 Facts/Travel
This action arose as the result of the death of Sharon Wallace (Wallace), who died after a Providence Police cruiser collided with her car.
East Bay Insurance placed Wallace's coverage with Progressive. Progressive issued an insurance policy to Wallace which provided liability limits of $25,000 — $50,000 and uninsured motorist coverage as required by G.L. 1956 § 27-7-2.1(a). Progressive asserted that it would not have had to pay $25,000 to Wallace had Sarah Shannon (Shannon), an employee of the defendant, obtained the rejection of the uninsured motorist coverage from Wallace. Shannon had sent an uninsured motorist rejection form to Wallace, but Wallace failed to sign and return it.
Thereafter, Wallace's estate made a claim against Progressive for the $25,000 uninsured motorist coverage that the estate believed it was entitled to recover. Progressive paid this amount and then brought suit alleging that the defendant's employee was negligent in not obtaining the rejection form for the uninsured motorist coverage. Progressive contends that it paid $25,000 to Wallace as a result of the defendant's negligence.
After a deliberation of fifteen minutes, the jury returned a verdict for Progressive. In its answer to jury interrogatories, the jury found that the police cruiser was an underinsured vehicle and that the defendant was negligent in not obtaining the uninsured rejection form from Wallace. In addition, the jury concluded that the defendant's negligence was the proximate cause of the loss and awarded the plaintiff $25,000. The instant motion followed.
 Standard of Review
This case comes before this Court pursuant to Super. R. Civ. 59, which provides that
 "[a] new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state."
The role of a trial justice when reviewing a motion for a new trial is well settled in this jurisdiction. The trial justice, sitting as an extra juror, must "independently weigh, evaluate and assess the credibility of the trial witnesses and evidence." Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) (quoting Morrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998) (per curiam)). He or she may accept some or all of the evidence and reject testimony because it is impeached or contradicted by other positive testimony or by circumstantial evidence or because it is inherently improbable or at variance with undisputed physical facts or laws. Barbato v. Epstein, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964). The trial justice also may add to the evidence by drawing proper inferences. Id. at 193-94, 196 A.2d at 837. Upon determining that the evidence is evenly balanced or is such that reasonable minds, in considering the same evidence, could come to different conclusions, the trial justice must allow the verdict to stand, Graff, 748 A.2d at 255, even if the trial justice entertains some doubt as to its correctness. Marcotte v. Harrison, 443 A.2d 1225, 1232 (R.I. 1982). However, if after making an independent review of the evidence, the trial justice finds that the jury's verdict is against the fair preponderance of the evidence and fails to do substantial justice, the verdict must be set aside. Reccko v. Criss Cadillac Co., Inc., 610 A.2d 542, 545 (R.I. 1992) (citing Sarkisian v. New Paper, Inc., 512 A.2d 831, 835 (R.I. 1986)). Even though the trial justice "need not perform an exhaustive analysis of the evidence, he or she must refer with some specificity to the facts which prompted him or her to make the decision so that the reviewing court can determine whether error was committed." Reccko, 610 A.2d at 545 (citing Zarrella v. Robinson, 460 A.2d 415, 418 (R.I. 1983)).
 Review of the Evidence
Based upon an independent review of the record, the Court finds that the jury verdict was against the fair preponderance of the evidence and must be set aside. In answering the first jury interrogatory, the jury found that the Providence police cruiser was underinsured. To satisfy the "statutory definition of `uninsured motorist,' a claimant must present proof of damages that are legally entitled to be recovered. G.L. 1956 § 27-7-2.1. In order to invoke uninsured/underinsured coverage, it is necessary to determine whether the tortfeasor's liability policy limit is less than the actual amount of damages sustained by the claimant, damages that the claimant is legally entitled to recover from the tortfeasor." General Accident Ins. Co. v. Cuddy, 658 A.2d 13, 11 (R.I. 1995).
Here, it was against the fair preponderance of the evidence for the jury to conclude that the police vehicle was underinsured. The only evidence presented was the statutorily mandated $100,000 limit upon liability. No evidence was presented as to whether the City had any extra insurance or what recovery Wallace had received from the City. To establish an underinsured motorist claim, the plaintiff must prove by a preponderance of the evidence that the tortfeasor's liability policy limit is less than the actual amount of damages. Id. The plaintiff did not provide sufficient evidence to allow a reasonable jury to conclude that the City's insurance was insufficient. Because this conclusion of the jury was against the fair preponderance of the evidence, a new trial on this issue must be granted.
Regarding the issue of negligence, the jury found the defendant negligent in not obtaining Wallace's signature rejecting the uninsured motorist coverage. To succeed in a negligence action, a plaintiff must prove that 1) the defendant owed a legal duty to refrain from negligent activity, 2) the defendant breached the duty, 3) that the breach proximately caused injury to the plaintiff and 4) actual loss or damage resulted therefrom. Splendorio v. Bilray Demolition Co. Inc., 682 A.2d 461, 466 (R.I. 1996). In particular, a plaintiff must establish a standard of care as well as a defendant's deviation from that standard. Souza v. Chaset, 519 A.2d 1132, 1135 (R.I. 1987).
Reviewing the jury's determination that the defendant was negligent, this Court finds such determination to be against the fair preponderance of the evidence because the plaintiff failed to provide any testimony as to what Shannon should have done under the circumstances. Because no evidence was presented — lay or expert testimony — as to what standard of care the defendant owed the plaintiff, the jury did not have evidence before it establishing that the defendant breached any duty to the plaintiff.
After independently weighing, evaluating and assessing the credibility of the trial witnesses and evidence, this Court finds that the jury had no evidence before it which would justify the conclusion that defendant's conduct breached a duty to the plaintiff and fell below the standard of care. The jury's determination on this issue must be set aside as against the fair preponderance of evidence.
 Substitution of Utica Mutual Insurance Company
According to G.L. 1956 § 27-7-2.4,
"[a]ny person, having a claim because of damages of any kind caused by the tort of any other person, may file a complaint directly against the liability insurer of the alleged tortfeasor seeking compensation by way of judgment for money damages whenever the alleged tortfeasor files for bankruptcy, involving a chapter 7 liquidation, a chapter 11 reorganization for the benefit of creditors or a chapter 13 wage earner plan, provided that the complaining party shall not recover an amount in excess of the insurance coverage available for the tort complained of."
Bankruptcy includes state insolvency or receivership law. G.L. 1956 § 7-16-2(3); Sutherland Stat. Const. § 53.03 (2000) (statutory language should be interpreted by reference to its use in other statutes.)
In Giroux v. Purington Building Systems Inc, 670 A.2d 1227 (R.I. 1996), the Rhode Island Supreme Court concluded that § 27-7-2.4
"clearly and unambiguously allows the injured party to substitute the tort-feasor's liability insurer as defendant after the defendant files for bankruptcy." Id. at 1229. The Court noted that the statute grants the right to substitute unconditionally without providing for judicial discretion in its application. Id. Here, Progressive had a claim for damages against East Bay and made a motion to substitute Utica Mutual Insurance Company (Utica). Utica was the insurer for East Bay which was in receivership. Under G.L. 1956 § 27-7-2.4, the plaintiff's motion to substitute Utica as the defendant for East Bay should have been granted. Because Utica was not properly before the Court as a defendant, this Court will also grant the defendant's motion for a new trial based on this error of law.
 Conclusion
If reasonable minds could come to different conclusions, then the jury's verdict must stand. However, in this case, because the jury's conclusions are against the fair preponderance of the evidence, the verdict must be set aside. Accordingly, the defendant's motion for a new trial is granted. Additionally, the Court also finds error of law in not granting Progressive's motion to substitute Utica as defendant for East Bay.
Counsel shall submit the appropriate order for entry after notice.