DECISION
Before this Court for decision are cross motions for summary judgment filed by Defendant Harleysville Worcester Insurance Company, Inc. ("Defendant") and Plaintiff Mary Irene Shepard ("Plaintiff").[1] This Court has reviewed the evidence and the applicable law, together with the parties' legal memoranda and oral arguments, and now issues this written decision.
 Facts and Travel
This is an action to compel arbitration pursuant to the terms of an insurance policy entered into between Plaintiff and Defendant. On July 1, 1999, an automobile accident occurred between Sarah Dorsey ("Dorsey") and Hope and Neil Sheridan ("the Sheridans"). At the time of the accident, Plaintiff was riding as a passenger in Dorsey's vehicle and was insured by Defendant. Likewise, Dorsey was insured under a policy with Arbella Insurance Co. ("Arbella") and the Sheridans were insured by Commerce Insurance ("Commerce"). As a result of the accident, Plaintiff suffered damages in the form of lost wages, medical bills, and for pain and suffering. *Page 2 
Following the accident, Arbella, as Dorsey's insurer, expended Personal Injury Protection ("PIP") benefits to Plaintiff in the amount of $8,000. Plaintiff also filed a personal injury suit against the Sheridans in a Plymouth, Massachusetts District Court on May 15, 2002. Although the case was actively litigated for some time, it was eventually submitted to binding arbitration[2] pursuant to Mass. Gen. Laws ch. 251 et seq.[3] On December 5, 2003, the arbitrator determined that the Sheridans were negligent and that Plaintiff suffered personal injuries as a result of the accident. Accordingly, Plaintiff was awarded damages in the amount of $21,816.21, which was $1,816.21 more than the Sheridans' $20,000 policy limit. However, pursuant to Massachusetts law, Commerce, as the Sheridans' insurer, was entitled to a credit for the PIP payment that Plaintiff received from Arbella. Thus, Plaintiff's $21,816.21 award was reduced by $8,000 to the net amount of $13,816.21. Plaintiff received full payment of the $13,816.21, and a stipulation of dismissal with prejudice was entered in her action against the Sheridans.
Plaintiff then made a demand for underinsured motorist benefits under her policy with Defendant. Plaintiff claims that she informed Defendant of the arbitration award she received, and forwarded to Defendant a copy of the arbitrator's decision and information pertaining to the Sheridans' policy with Commerce. On March 23, 2004, Plaintiff demanded arbitration, apparently on the issue of damages that she suffered as a result of the automobile accident. Both parties selected arbitrators and set a hearing *Page 3 
date. However, Defendant claims that when it did so, it was unaware of the prior arbitration involving Plaintiff and the Sheridans and Commerce. Defendant further contends that when it learned of the previous arbitration award in Plaintiff's favor, it "accepted [the arbitrator's] decision as to the value of the plaintiff's claim" and "given the fact that the net award . . . of $13,816.21 was substantially less than the tortfeasor's [the Sheridans] policy limit of $20,000, the plaintiff lacked standing to assert an underinsured motorist claim against [it]." Def.'s Mem. at 3. Accordingly, Defendant cancelled the arbitration hearing scheduled for October 26, 2005.
Plaintiff subsequently filed the instant action to compel arbitration in accordance with the provisions of her insurance policy with Defendant. Defendant filed a motion for summary judgment and has submitted a supporting memorandum and exhibits. Plaintiff has objected to Defendant's motion, and has filed a cross motion along with supporting memorandum and exhibits. Additionally, both parties presented oral arguments during a hearing held before this Court on February 5, 2007.
 Standard of Review
"Summary judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings, and other documentary matter . . . that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact." Palmisciano v.Burrillville Racing Assoc., 603 A.2d 317, 320 (R.I. 1992) (citingSteinberg v. State, 427 A.2d 338 (R.I. 1981); Ludwig v. Kowal,419 A.2d 297 (R.I. 1980)); Super. R. Civ. P. 56(c). "Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, no material questions of fact exist and the moving party is entitled to judgment as a matter of law." Konar v. PFL LifeIns. Co., *Page 4 840 A.2d 1115, 1117 (R.I. 2004). Furthermore, the party opposing the motion for summary judgment carries "the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Tanner v. Town Council of East Greenwich,880 A.2d 784, 791 (R.I. 2005) (quoting Lucier v. Impact Recreation,Ltd., 864 A.2d 635, 638 (R.I. 2005)). Only "[w]hen an examination of the pleadings, affidavits, admissions, answers to interrogatories and other similar matters, viewed in light most favorable to the party opposing the motion, reveals no such [disputed material issue of fact,] the suit is ripe for summary judgment." Industrial National Bank v. Peloso, 121 R.I. 305, 306, 397 A.2d 1312, 1313 (1979).
 Analysis
Defendant argues that Plaintiff is collaterally estopped from re-litigating the amount of damages suffered as a result of the accident since that issue was addressed in her litigation and arbitration proceeding against the Sheridans and Commerce. Defendant also contends that Plaintiff lacks standing to assert an underinsured motorist claim. More specifically, Defendant avers that because the net amount of damages — $13,816.21 — that Plaintiff recovered was less than the Sheridans' policy limit, there can be no underinsurance claim. Plaintiff counters that collateral estoppel does not apply as there is no privity between the Defendants in the two suits at issue. Additionally, Plaintiff also asserts that she has standing to seek underinsured motorist benefits because the gross amount of the damages awarded as a result of arbitration proceeding — $21,816.21 — exceeds the Sheridans' $20,000 policy limit. Although the parties argue *Page 5 
both collateral estoppel and standing, this Court is of the opinion that the issue of standing is dispositive of the motions before the Court.
The issue of whether the Sheridans' vehicle was underinsured is governed by the Uninsured Motorist Coverage statute, which provides in relevant part:
 "For the purposes of this section `uninsured motorist' shall include an underinsured motorist. An `underinsured motorist' is the owner or operator of a motor vehicle who carries automobile liability insurance with coverage in an amount less than the limits or damages that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness, or disease, including death, resulting from that injury, sickness or disease."
See G.L. 1956 § 27-7-2.1 (g) (emphasis added). Thus, as our Supreme Court has stated, "in order to invoke uninsured/underinsured coverage, it is necessary to determine whether the tortfeasor's liability policy limit is less than the actual amount of damages sustained by the claimant, damages that the claimant is legally entitled to recover from the tortfeasor." C.G.U. Ins. Co. v. DeCaro, 791 A.2d 480, 481 (R.I. 2002); see also General Accident Ins. Co. of America v. Cuddy,658 A.2d 13, 16-17 (R.I. 1995).
In this case, as previously discussed, the Sheridans' policy limit was $20,000. Although the arbitrator awarded Plaintiff a gross damages award of $21,816.21, the amount was reduced — pursuant to Massachusetts law — to the net amount of $13,816.21 in order to account for the PIP payment that she received from Dorsey and Arbella. In other words, Plaintiff was legally entitled to recover only $13,816.21 from the Sheridans and Commerce, not $21,816.21 as she argues. Clearly, the amount that Plaintiff was legally entitled to recover does not exceed the Sheridans' $20,000 insurance policy limit and, thus, she fails to meet the statutory definition of an underinsured motorist as provided by § 27-7-2.1 (g). Accordingly, this Court finds that *Page 6 
as a matter of law Plaintiff has no standing to assert an underinsurance claim against Defendant.
 Conclusion
For the foregoing reasons, Defendant's motion for summary judgment is granted, and Plaintiff's cross motion is denied.
[1] As discussed above, this is Plaintiff's action to compel arbitration to which Defendant has moved for summary judgment. Plaintiff filed an objection to Defendant's motion, along with what she entitled a "motion to compel arbitration." However, it is unclear why Plaintiff would file such a motion given that it is the underlying action in which she seeks to compel arbitration. Accordingly, the Court will treat Plaintiff's motion to compel arbitration as a cross motion for summary judgment.
[2] Plaintiff contends that she notified Defendant of the arbitration proceeding and invited Defendant to participate, but Defendant declined to do so. Indeed, Plaintiff has proffered a letter dated September 3, 2003, sent from Defendant to her which states that Defendant is not "willing to join Commerce on the arbitration of . . . [Plaintiff's] bodily injury claim" to support her assertion. See Pl.'s Ex. B. Despite this evidence, Defendant claims that it was unaware of Plaintiff's arbitration with the Sheridans and Commerce.
[3] The Uniform Arbitration Act for Commercial Disputes. *Page 1