Kathryn A. RICHARD et al.

v.

BLUE CROSS & BLUE SHIELD.

No. 90–469–M.P.

Supreme Court of Rhode Island.

March 18, 1992.

Peter Mathieu, Dennis S. Baluch, Baluch, Mahoney & Gianfrancesco, Providence, for plaintiffs.

Paula Silberthau, Matthew F. Medeiros, Flanders & Medeiros, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on the plaintiffs' petition for the issuance of a writ of certiorari to review a grant of partial summary judgment in favor of the defendant. We affirm.

Henry Richard (Richard), as parent and guardian of Kathryn A. Richard (Kathryn), *non sui juris* and *non compos mentis*, brought this action for breach of contract against Blue Cross & Blue Shield of Rhode Island (Blue Cross) pursuant to G.L.1956 (1985 Reenactment) § 9–1–33 after Blue Cross terminated coverage for Kathryn's in-patient treatment at the Institute for Living, a hospital located in Connecticut. Blue Cross subsequently moved for partial summary judgment. The trial court ruled that Richard's state law claims were pre-empted by the Federal Employee Retirement Income Security Act (ERISA) and that he had no claim against Blue Cross under § 9–1–33 because it is not an insurer within the meaning of the statute.

The summary-judgment motion of Blue Cross was based upon information disclosed during the deposition of Richard. It revealed that he is the owner and principal manager of Kirkbrae Country Estates, Inc. As an employee Richard received health-care benefits under a plan with Blue Cross offered through the Rhode Island Builders Association (association). Kathryn is covered as a handicapped dependent under her father's plan with Blue Cross. These health-care plans were offered at no cost to all employees of Kirkbrae Glen, Inc., and Kirkbrae Country Estates, Inc. (Kirkbrae corporations). The association sends the Kirkbrae corporations quarterly statements for premiums. The Kirkbrae corporations pay the statements with corporate checks that are listed as a deduction on the corporations' tax returns. According to Richard the health-care plans have been available to employees of the Kirkbrae corporations for many years, and there are no plans to change this practice.

Richard presents two arguments on appeal. In the first he claims that the trial court erred in ruling that ERISA pre-empts the state law claims. He argues that the trial court was in error because the motion for summary judgment was granted in spite of the existence of a factual question. He also asserts that the trial court erred in its determination that an ERISA plan existed.

The law concerning a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure is well settled. If there are no material facts in dispute, the case is ripe for summary judgment. *Golderese v. Suburan Land Co.*, 590 A.2d 395, 396 (R.I.1991). Here the trial court's decision was based upon undisputed facts presented through the deposition testimony of Richard.

The ERISA statute applies to "any employee benefit plan if it is established or maintained—(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both." 29 U.S.C.A. § 1003(a) (West 1985).

An "employee benefit plan" is defined in part as an "employee welfare benefit plan." 29 U.S.C.A. § 1002(3). "Employee welfare benefit plan" is defined as the following:

"[A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the

purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions)." 29 U.S.C.A. § 1002(1).

The First Circuit has had the opportunity to consider what constitutes an employee-welfare-benefit plan. The court determined that an employee-welfare-benefit plan must have:

"(1) a plan, fund or program (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries." *Wickman v. Northwestern National Insurance, Co.,* 908 F.2d 1077, 1082 (1st Cir.1990)(quoting *Donovan v. Dillingham,* 688 F.2d 1367, 1370 (11th Cir.1982) (en banc)).

■ The real dispute in this case is whether the Kirkbrae corporations have established and maintained an ERISA plan. The prevailing standard for resolving this issue is " 'if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits,' " then the employer has established a plan within the meaning of ERISA. *Id.*

The purchase of a group policy or multiple policies by the employer that provides coverage to a class of employees offers substantial evidence that an ERISA plan has been established. *Id.* at 1083. "The crucial factor in determining if a 'plan' has been established is whether the purchase of the insurance policy constituted an expressed intention by the employer to provide benefits on a regular and long term basis." *Id.*

Here the record reveals that the Kirkbrae corporations, at their own expense, have for many years offered a health-benefit plan to employees as part of a compensation package. Furthermore, the Kirkbrae corporations have no intention of changing this practice. We conclude, therefore, that the trial court had adequate evidence to conclude that the intended benefits, class of beneficiaries, source of financing, and procedures for receiving benefits constituted an employee-benefit plan.

■ Richard also argues that the trial court erred when it ruled that Blue Cross was not an insurer within the meaning of § 9–1–33 and that he could not maintain an action under the statute for bad-faith refusal to pay or settle. Blue Cross is a nonprofit hospital service corporation within the meaning of G.L.1956 (1989 Reenactment) § 27–19–1 and a nonprofit medical service corporation within the meaning of § 27–20–1. It is not an insurer within the meaning of § 9–1–33. As a result Richard cannot maintain an action against Blue Cross for bad-faith-failure refusal to pay or settle under § 9–1–33. Furthermore, we have held that "there can be no cause of action for an insurer's bad faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance." *Bartlett v. John Hancock Mutual Life Insurance Co.,* 538 A.2d 997, 1000 (R.I.1988).

For all these reasons the petition for the issuance of a writ of certiorari is denied. The writ heretofore issued is quashed and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.

WEISBERGER and MURRAY, JJ., did not participate.