912 P.2d 607

**Thoeun SO, Plaintiff–Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellee,**

and

**William Murray Lowrie, John Does 1–10, Jane Does 1–10 and Doe Partnerships, Corporations or Other Entities 1–10, Defendants.**

No. 16890.

Intermediate Court of Appeals of Hawai'i.

March 7, 1996.

Jerry I. Wilson (Jerry I. Wilson, Attorney at Law, A Law Corporation, of counsel), on the brief, Honolulu, for plaintiff-appellant Thoeun So.

Tracy G. Chinen and Jeffrey C. Johnson (Rush Moore Craven Sutton Morry & Beh, of counsel), on the brief, Honolulu, for defendant–appellee Liberty Mutual Insurance Company.

Before BURNS, C.J.; KIRIMITSU, J., and AIONA, Circuit Judge, in place of WATANABE, J., Disqualified.

KIRIMITSU, Judge.

Plaintiff–Appellant Thoeun So (Plaintiff) appeals the grant of Defendant–Appellee Liberty Mutual Insurance Company's (Liberty Mutual) motion for summary judgment. We affirm.

### BACKGROUND

Plaintiff was a taxi driver for Sida Taxi Company. On August 26, 1989, Plaintiff picked up Defendant William Murray Lowrie (Lowrie) and drove him to several spots in the Pearl Harbor/Kalihi areas. Lowrie refused to pay for the cab fare and stabbed

Plaintiff several times. Plaintiff received no-fault benefits from a business auto insurance policy insuring Plaintiff's taxi, and issued by Liberty Mutual, as a result of the incident. However, Liberty Mutual refused to provide uninsured or underinsured motorist benefits to Plaintiff under the same policy.

On September 25, 1990, Plaintiff filed a second amended complaint against Liberty Mutual because it refused to provide Plaintiff with benefits under the uninsured and under-insured[1] motorist provisions of his auto insurance policy. On June 28, 1991, Liberty Mutual filed its motion for summary judgment against Plaintiff's second amended complaint arguing that Plaintiff is not entitled to uninsured motorist benefits because an uninsured vehicle was not involved in the injuries suffered by Plaintiff.

On July 26, 1991, a hearing was held on Liberty Mutual's summary judgment motion wherein the circuit court, after hearing arguments from the parties, orally denied the motion.[2] On August 15, 1991, Liberty Mutual filed a motion for reconsideration of the circuit court's denial of its summary judgment motion. On January 15, 1992, the circuit court granted Liberty Mutual's motion for reconsideration and ordered that Liberty Mutual's motion for summary judgment against Plaintiff's second amended complaint be granted.

On January 28, 1993, Plaintiff obtained a judgment disposing of all remaining claims.[3] On March 1, 1993, Plaintiff timely filed his notice of appeal.

## DISCUSSION

Summary judgment is appropriately granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Hawai'i Rules

of Civil Procedure Rule 56(c). The material facts are not in dispute, thus, the sole issue before us is whether Liberty Mutual is entitled to summary judgment as a matter of law.

Plaintiff argues that he is entitled to uninsured motorist benefits under his business auto insurance policy because he was stabbed by a passenger while he was operating a vehicle insured under the policy. We disagree.

Plaintiff's business auto insurance policy, under its uninsured motorist insurance portion provides:

1. We will pay all sums the **insured** is legally entitled to recover as damages from the owner or driver of an **uninsured motor vehicle.** The damages must result from **bodily injury** sustained by the **insured** caused by an **accident.** The owner's or driver's liability for these damages must result from the ownership, maintenance or use of this **uninsured motor vehicle.**

Plaintiff's business auto insurance policy further defines "uninsured motor vehicle," as follows:

3. **"Uninsured motor vehicle"** means a land motor vehicle or trailer.

a. For which no liability bond or policy at the time of an **accident** provides at least the amounts required by the applicable law where a covered **auto** is principally garaged, or

b. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

c. Which is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit an **insured,** a covered **auto** or a vehicle an **insured** is occupying.

The policy clearly contemplates that any harm suffered by the insured "results" from an uninsured motor vehicle. Plaintiff was

---

1. Plaintiff eventually withdrew his claim for underinsured motorist benefits.

2. On August 29, 1991, the written order denying Liberty Mutual's motion for summary judgment was filed.

3. Plaintiff's second amended complaint also sought damages against Lowrie. On January 28, 1993, the circuit court granted Plaintiff's motion for default judgment against Lowrie. Judgment was filed on the same day against Lowrie disposing of all of Plaintiff's claims.

**112**

stabbed by his passenger Lowrie. The only vehicle involved when Plaintiff was injured was his taxi, which is covered by his policy and does not qualify as an uninsured motor vehicle. Therefore, Plaintiff is not entitled to uninsured motorist benefits under his business auto insurance policy.

 Plaintiff also maintains that he is entitled to uninsured motorist benefits relying on Hawai'i Revised Statutes (HRS) § 431:10C–103(9) (1993) which defines "motor vehicle accident" to "mean[ ] an accident arising out of the operation, maintenance, or use of a motor vehicle...." This argument is without merit. The Hawai'i motor vehicle insurance law defines an uninsured motor vehicle to include "a motor vehicle for which there is no bodily injury liability insurance ... at the time of the accident; or ... [a]n unidentified motor vehicle that causes an accident resulting in injury...." HRS § 431:10C–103(23) (1993). It is evident that an uninsured motor vehicle, as defined by HRS § 431:10C–103(23), was not involved in causing Plaintiff's injuries.

We conclude, therefore, that Plaintiff is not entitled to uninsured motorist benefits under the Hawai'i motor vehicle insurance law and under Plaintiff's own business auto insurance policy.

## CONCLUSION

For the reasons set forth above, we affirm the circuit court's January 15, 1992 order granting Liberty Mutual's motion for summary judgment as to Plaintiff's second amended complaint.