Eugenia MYMRYK et al.

v.

**BANK OF NEW ENGLAND et al.**

No. 95–157–A.

Supreme Court of Rhode Island.

April 25, 1996.

Gary Blais, Providence.

Lawrence McCarthy, Patrick Landers, Matthew Medeiros, Michael Gamboli, Providence.

### ORDER

This matter came before a panel of the Supreme Court for oral argument on April 16, 1996, pursuant to an order that directed the plaintiffs, Eugenia Mymryk, Diane Mymrk, Laura (Mymryk) Leider and the estate of Michael Mymryk, to show cause why their appeal should not be summarily decided. The plaintiffs have appealed from a summary judgment entered in Superior Court for the defendant, Robert Hope Larder. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the case will be decided at this time.

On August 31, 1990, plaintiffs purchased from the Bank of New England (bank) a restaurant in Providence, Rhode Island. Attorney Robert Hope Larder (Larder) was retained by plaintiffs in connection with the purchase of the restaurant. One of the plaintiffs, Michael Mymryk, died on August 12, 1991. On March 10, 1994, plaintiffs filed a complaint in the Superior Court, alleging that problems with the establishment's liquor license and certificate of occupancy forced plaintiffs to close the business following which the bank began foreclosure proceedings in March 1992. The complaint alleged that, on December 1, 1990, plaintiffs were told by their restaurant manager that the Providence liquor control board had refused to accept their fee for renewal of the restaurant's liquor license. The plaintiffs filed a second amended complaint, adding Larder as a defendant on May 16, 1994, and alleging that Larder "was negligent in the commission of his duties by failing to detect the significant and substantial defects and problems with the premises and subsequent sales agreements and transaction."

Larder moved to dismiss the legal malpractice claim, arguing that the complaint against him was not filed within the three-year statute of limitations for such actions. The trial justice granted Larder's motion after a hearing on November 29, 1994, and final judgment for Larder was entered on December 1, 1994. The plaintiffs filed timely notice of appeal.

Although Larder moved to dismiss plaintiffs' claim, the trial justice properly considered the motion as a motion for summary judgment because the trial justice considered matters outside the pleadings. R.I. Rules Civ.Pro. 12(b)(6); *Ewing v. Frank*, 103 R.I. 96, 234 A.2d 840 (1967). Summary judgment is appropriate when there are no material facts in dispute. *Richard v. Blue Cross & Blue Shield*, 604 A.2d 1260, 1261 (R.I.1992). But, in the case at bar, a material issue of fact existed as to whether plaintiffs knew or should have known the consequences of being denied a permanent liquor license at the time they learned of its denial. The answer to this question will determine the trigger date for the statute of limitations, and the trial justice improperly disposed of this issue within the context of deciding the motion for summary judgment.

Consequently, we sustain the appeal of the plaintiffs and reverse the summary judgment entered by the trial justice. We remand this

case to the Superior Court, to which the papers may be returned.

WEISBERGER, C.J., and MURRAY, J., did not participate.