Robert **LADOUCEUR** et al.

v.

The **HANOVER INSURANCE COMPANY**, et al.

No. 95–524–Appeal.

Supreme Court of Rhode Island.

Sept. 13, 1996.

Michael J. Gardiner, Cranston, for Plaintiff.

Peter A. Clarkin, Cranston, for Defendant.

Before MURRAY, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This case comes before us on the appeal of the plaintiff,[1] Robert Ladouceur, from a summary judgment entered by the Superior Court in favor of the defendants, Hanover Insurance Company and Massachusetts Bay Insurance Company (Hanover),[2] dismissing plaintiff's complaint alleging Hanover improperly refused his claim under the uninsured-motorist provisions of his insurance policy. Both parties were ordered to show cause why the issues raised in this appeal should not be summarily decided. Having considered the parties' arguments, we conclude that cause has not been shown and that the issues presented by this appeal can be decided at this time.

The dispositive issue is whether G.L. 1956 § 27–7–2.1 (the uninsured-motorist statute)[3] requires an insured seeking a recovery

---

1. We refer throughout this opinion solely to the plaintiff, Robert Ladouceur, because the claims of the other plaintiffs—his wife, Jane Ladouceur, and his daughter, Nichole Ladouceur—are for loss of consortium and are therefore derivative of his claim. However, they are also appealing from the judgment below.

2. The Massachusetts Bay Insurance Company is a related insurance company. Since the plaintiff's policy was with Hanover, the defendants will be collectively referred to as "Hanover."

3. General Laws 1956 § 27–7–2.1 provides in pertinent part:

"(a) No policy insuring against loss resulting from liability imposed by law for property damage caused by collision, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided * * * for bodily injury or death in limits set forth in each policy, but in no instance less than the limits set forth in § 31–31–7, or § 31–32–24 * * * for the protection *of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles*

of uninsured-motorist benefits to prove that a third-party tortfeasor from whom the insured is legally entitled to recover damages is in fact an owner or an operator of an uninsured, underinsured, or "hit and run" motor vehicle within the meaning of those terms as they are used in the uninsured-motorist statute. We hold that the statute does contain such a requirement as a condition precedent to the recovery of uninsured-motorist benefits and that, in response to the insurer's summary-judgment motion, plaintiff failed to come forward with any trial-worthy evidence to sustain his burden on this point.

The material facts in this matter are undisputed. On February 11, 1993, plaintiff was about to enter a Home Depot store located in Warwick, Rhode Island, when he noticed an elderly couple in the parking lot who were having difficulty loading a door into their automobile. While plaintiff was attempting to assist in loading the door into the couple's car, the elderly man suddenly dropped his end, causing plaintiff to injure the muscles in his right arm. At the time of the accident, plaintiff knew he was hurt, but he was unaware of the ultimate severity of this injury or of the fact that it was potentially compensable either under his own insurance coverage or from whatever liability insurance may have existed with respect to the car used by the elderly couple. Consequently he made no attempt to ascertain this couple's identity or to determine whether they had any insurance that might cover his eventual claims.

Five months later, in July of 1993, in an unsuccessful attempt to identify the nameless couple he had briefly encountered in Home Depot's parking lot, plaintiff filed suit against "John Doe" and subpoenaed the records of Home Depot. Then, in October of 1993, some eight months after the accident, plaintiff contacted his insurer and submitted a claim for uninsured-motorist benefits under the provisions of his own policy issued to him by Hanover. After Hanover denied coverage, plaintiff brought the present action in Superior Court. Later, both parties moved for summary judgment. A Superior Court justice granted Hanover's motion for summary judgment on the basis that plaintiff had failed to adduce any evidence that the other vehicle was uninsured or that the unidentified elderly man was the owner or the operator of an uninsured or hit-and-run motor vehicle under the applicable provisions of the uninsured-motorist statute and plaintiff's policy with Hanover.

On appeal, plaintiff argues that his failure to ascertain the other motorist's identity or to discover any information pertaining to the other vehicle's insurance coverage should not bar him from recovering uninsured-motorist benefits under his own policy because at the time of the accident he did not realize that his injury was serious or that it might be covered under his own policy for this type of car-loading injury. He also argues that denying him uninsured-motorist coverage violates the primary purpose underlying the uninsured-motorist statute, which is to indemnify an insured motorist for loss when recovery from the uninsured tortfeasor is unavailable. *See, e.g., Amica Mutual Insurance Co. v. Streicker*, 583 A.2d 550, 553 (R.I. 1990).

Section 27–7–2.1 states that in each liability-insurance policy an insurer must provide some minimum protection against property damage and personal injury caused by an uninsured or a hit-and-run motor vehicle for the protection of persons insured thereunder. In enacting the uninsured-motorist statute, "the legislature intended that, as a matter of public policy, protection should be given the named insured in such policies against economic loss resulting from injuries sustained by reason of the negligent operation of *uninsured motor vehicles or hit-and-run motor vehicles*." (Emphasis added.) *Aldcroft v.*

*and hit and run motor vehicles* because of property damage, bodily injury, sickness, or disease, including death, resulting therefrom. " * * *

"(g) For the purposes of this section 'uninsured motorist' shall include an underinsured motorist. *An underinsured motorist is the owner or operator of a motor vehicle who* carries automobile liability insurance with coverage in an amount less than the limits or damages that persons insured pursuant to this section are legally entitled to recover because of bodily injury, sickness, or disease, including death, resulting therefrom." (Emphasis added.)

*Fidelity & Casualty Co. of New York*, 106 R.I. 311, 318, 259 A.2d 408, 413 (1969). In 1985 the Legislature expanded the definition of uninsured motorist to include an underinsured motorist. *See* P.L.1985, ch. 197, § 1. The legislative purpose of the statute was not, however, "to guard against all economic loss," and we have held that reasonable limitations will be imposed on the construction of the uninsured-motorist statute to "afford[ ] insurers some financial protection" from unwarranted claims. *Streicker*, 583 A.2d at 553 (quoting *DiTata v. Aetna Casualty & Surety Co.*, 542 A.2d 245, 248 (R.I.1988)). Such limitations include the requirement that an insured present credible evidence that his or her injury was caused by the owner or operator of an uninsured, an underinsured, or a hit-and-run motor vehicle before a recovery of benefits will be allowed.

■ An insured claimant can recover uninsured/underinsured-motorist benefits from his or her own insurance carrier only if there is evidence that his or her damages exceed the limits of the tortfeasor's liability coverage. *General Accident Insurance Co. of America v. Cuddy*, 658 A.2d 13, 16–17 (R.I. 1995). A fortiori, absent any evidence concerning the uninsured, underinsured, or hit-and-run status of the tortfeasor's automobile there is no obligation on the insurer's part to pay uninsured-motorist benefits.

■ Here, plaintiff failed to present any evidence from which a reasonable factfinder could ascertain the insured status of the unidentified vehicle. Nonetheless, plaintiff contends that *Pin Pin H. Su v. Kemper Insurance Companies/American Motorist Insurance Co.*, 431 A.2d 416 (R.I.1981), authorizes recovery of uninsured-motorist benefits in cases like this one where an insured is injured by an unidentified motorist. *Pin Pin H. Su* involved a hit-and-run vehicle, or, as Justice Kelleher in dissent dubbed it, a "miss and run" situation (because there was no actual collision with the other vehicle). *Id.* at 420. But unlike the facts here, the tortfeasor in *Pin Pin H. Su* fled the scene of the accident before the insured ever had any reasonable opportunity to ascertain his or her identity or to determine whether the automobile involved had any liability-insur-

ance coverage. *Id.* at 417. We defined a hit-and-run motorist in that case as "a motorist who has caused, or contributed by his negligence to [cause], an accident and *flees the scene without being identified.*" (Emphasis added.) *Id.* at 419. The insured in *Pin Pin H. Su*, therefore, proved the applicability of the uninsured-motorist statute by presenting credible evidence that the negligent motorist who caused her bodily injury was driving a hit-and-run vehicle within the meaning of the statute.

In contrast, there is no evidence here of any flight, failure to stop, sudden departure, or other circumstance beyond the control of the insured that would have prevented him from ascertaining the other motorist's identity and the insurance status of the other vehicle involved in the accident. Rather, it would appear that this information remains unknown not because of any action on the part of the unknown motorist but because plaintiff, through his own ignorance or neglect, failed to request such information from this elderly couple in a timely fashion. Indeed, from all that appears in the record, the elderly couple simply walked away after this accident, got into their car, and drove out of the parking lot with no knowledge that any accident had occurred or that plaintiff had been injured and with no indication from plaintiff that he wanted or needed them to provide him with any information.

In *Pin Pin H. Su* we construed the hit-and-run language in the uninsured motorist statute to cover situations in which the unidentified vehicle "runs" from the scene after having narrowly missed a collision with the insured's vehicle. However, we are unwilling to stretch this hit-and-run statutory language to the breaking point by reading it to embrace miss-and-walk situations like this one.

In these circumstances, plaintiff has failed to carry his burden of providing evidence that the unidentified motorist fled, failed to stop, or suddenly departed from the scene of the accident, or that other circumstances beyond the insured's control prevented him from obtaining such information. In our opinion this kind of inaction or oversight on the part of the insured prejudices the insurer as a matter of law—especially when these

circumstances are coupled with the insured's eight-month delay in notifying his insurer of this claim.

Because the plaintiff failed to provide any legally sufficient proof that the alleged tortfeasor's motor vehicle was uninsured or underinsured, or that it was a hit-and-run vehicle within the meaning of § 27–7–2.1, he did not sustain his burden of establishing an essential predicate for recovery under the uninsured-motorist provision of his own automobile liability-insurance policy. Consequently no issue of material fact remained to be resolved, and the trial justice properly entered summary judgment in favor of the insurer.

For the reasons stated, we deny the plaintiff's appeal and affirm the granting of summary judgment in favor of the defendants. The papers of the case may be remanded to the Superior Court.