## NATIONWIDE MUTUAL INSURANCE COMPANY

v.

### Sharon STEELE.

No. 98–372–A.

Supreme Court of Rhode Island.

March 17, 2000.

Michael R. Deluca, James R. Baum, Providence.

David A. Schechter, Providence.

## ORDER

This case came before the Supreme Court for oral argument on March 6, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. The defendant, Nationwide Mutual Insurance Company (Nationwide), has appealed from the entry of a summary judgment in favor of the defendant, Sharon Steele (Steele). After hearing the arguments of counsel for the parties and examining their memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided summarily.

On July 15, 1996, a gunman approached and attacked Steele while she sat in her car. The assailant hit her head, threw her against the car and onto the sidewalk, and then drove away in her vehicle. Thereafter, Steele made a claim for the uninsured motorist benefits under her Nationwide policy to compensate her for the personal injuries she received during the car-jacking. Nationwide denied coverage on the basis that Steele's injuries were not caused by the ownership, maintenance, or operation of an uninsured motor vehicle. On December 11, 1997, Nationwide filed the instant action seeking a declaration of its liabilities to Steele under the policy. Thereafter, both parties filed motions for summary judgment, and on May 26, 1998, the motion justice denied Nationwide's motion for summary judgment and granted Steele's cross-motion for summary judgment. Final judgment was entered on July 28, 1998, and plaintiff appealed.

This Court reviews the grant of a motion for summary judgment on a *de novo* basis, applying the same criteria as those applied by the trial court. *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). We shall uphold the grant of summary judgment only when our review of the evidence in the light most favorable to the nonmoving party reveals no genuine

issue of material fact, and the moving party is entitled to judgment as a matter of law. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I. 1996). In the instant case, there is no dispute over material facts. The issue we must decide here is whether the uninsured motorist provision covered the car-jacking event.

On appeal, Nationwide argued that the uninsured motorist coverage in its policy does not apply to injuries inflicted by a pedestrian who has no connection to the operation of an uninsured motor vehicle. We agree. In compliance with G.L. (1956) § 27–7–2.1 [1], the insurance policy at issue provides:

> "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. *Damages must result from an accident arising out of the: 1. ownership; 2. maintenance; or 3. use; of the uninsured vehicle.*" (Emphasis added.)

Although the primary purpose of § 27–7–2.1 is indemnification of an insured for loss when recovery from the uninsured tortfeasor is unavailable, we have upheld reasonable limitations on the construction of that statute in order to protect insurers from groundless claims. *See Ladouceur v. Hanover Insurance Co.,* 682 A.2d 467, 469–70 (R.I.1996) ("Such limitations include the requirement that an insured present credible evidence that his or her injury was caused by the owner or operator of an uninsured, an underinsured, or a hit-and-run motor vehicle before a recovery or benefits will be allowed").

We believe that the motion justice here erred in concluding that Steele's injuries were caused by an uninsured motor vehicle. Thus, Steele failed to present evidence of any nexus between her injuries and the operation of an uninsured vehicle, and Nationwide was entitled to judgment as a matter of law. *See General Accident Insurance Co. of America v. Olivier,* 574 A.2d 1240, 1242 (R.I.1990) (to recover uninsured motorist benefits, the claimant's injuries must bear some nexus to the use, ownership, or maintenance of an uninsured motor vehicle).

Therefore we sustain Nationwide's appeal and vacate the judgment of the Superior Court. The papers in the case are hereby remanded to the Superior Court, with our instruction that judgment be entered for Nationwide.

---

1. Entitled "Uninsured motorist coverage," G.L. § 27–7–2.1 states, in pertinent part:

   "No policy insuring against loss resulting from liability imposed by law for property damage caused by collision, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state * * * unless coverage is provided therein or supplemental thereto, for bodily injury or death * * *, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles."