DECISION
The complaint in this action seeks damages as a result of serious injuries which plaintiff suffered at the hands of two assailants on the evening of May 3, 2000. The facts are not in dispute and for the instant purposes can be simplistically summarized as follows:
 At the time of the incident in question, plaintiff was employed as a driver for B H Transportation Inc., d /b/a Best Taxi. In accordance with instructions received from a dispatcher, she picked up two passengers at the Meadowbrook Plaza in Warwick and at the direction of one or both of the men, drove them to an apartment complex on Route 117. At the conclusion of the trip and as plaintiff apparently sought to obtain the fare owed for the trip, she was savagely attacked, suffering serious injuries. The two males were subsequently apprehended; their criminal cases remain pending.
 The thrust of plaintiff's two-count complaint is that she is entitled to recover under the uninsured motorist provisions of both: (1) her employer's motor vehicle policy with National Continental/Progressive Insurance Company (Count I), and (2) her personal motor vehicle policy with GEICO Insurance Company (Count II).
The matter comes before this Court on three dispositive motions. Defendant National Continental filed a motion to dismiss pursuant to Super. R. Civ. P. 12(b)(6). Plaintiff responded by filing a motion for summary judgment under Super. R. Civ. P. 56(a). In response to that motion, defendant GEICO Insurance Company moved for summary judgment against plaintiff.
 PLAINTIFF'S THEORY OF LIABILITY
Plaintiff argues that the uninsured motorist provisions of the subject policies become operative under these facts because her assailants, passengers in her taxi, became the "de facto uninsured `drivers' of the vehicle." (Plaintiff's Objection of National Continental/Progressive Insurance Company's Motion to Dismiss, page 9.) She relies on General Accident Insurance Company v. Oliver, 574 A.2d 1240 (R.I. 1990) ("Oliver") and Liberty Mutual Insurance Company v. Tavarez, 754 A.2d 778
(R.I. 2000) ("Tavarez"). The defendants respond that plaintiff not only misconstrues Oliver and Tavarez, but submits the matter is governed by the reasoning in Nationwide Mutual Insurance Company v. Steele,747 A.2d 1013 (R.I. 2000) ("Steele"). For the reasons set forth below, I find that plaintiff is precluded from recovery based upon the uninsured motorist provisions of the policies in question. Accordingly, I deny plaintiff's motion for summary judgment and grant the motions to dismiss and for summary judgment sought by the defendants.
 CONTROLLING PRECEDENT
The parties agree that this Court's analysis must stem from the aforementioned three decisions of our Supreme Court. The first in time, General Accident Insurance Co. v. Oliver, 574 A.2d 1240 (R.I. 1990) must be understood to require courts to apply a liberal interpretation regarding coverage afforded by uninsured motorist provisions. In that case, Susan Oliver was a passenger of an insured vehicle which was involved in a highway accident with an uninsured vehicle. At the direction of police officers who arrived to investigate the accident, Oliver proceeded to walk towards a police vehicle where she had been instructed to wait in order to provide a statement. As she passed the uninsured motor vehicle, she was fatally shot by the driver.
The insurer of the vehicle in which Oliver had been a passenger filed suit for a declaratory judgment, contending that at the time when she was deliberately shot, decedent was not occupying a covered vehicle for purposes of the policy. Nor did the incident constitute an "accident" arising out of the maintenance, ownership, or use of the uninsured vehicle according to the insurer. The trial judge granted the declaratory judgment based on the fact that the decedent was not an occupant of a motor vehicle at the time that she was shot. Adopting the rational of a similar Pennsylvania case,[1] our Supreme Court reversed, finding that even though the decedent had walked some 117 feet away from the insured vehicle at the time of the shooting, she was a "covered person" by reason of her having been a passenger in the covered vehicle. Secondly, borrowing the rationale of a Florida decision[2] the Oliver court held that because the shooting was, from Oliver's perspective, an unusual, unexpected and unforeseen occurrence, her death was "caused by an accident". A third criteria for a finding of liability is that there must be a "nexus" between the occupancy of the covered motor vehicle and the decedent's injury. In that regard, our Court held that having been a passenger in the insured vehicle and being subsequently attacked by a motorist who was operating an uninsured motor vehicle while waiting to be interviewed was a sufficient nexus to satisfy the policy provision that the injury "must arise out of the ownership, maintenance or use of an uninsured motor vehicle." Thus, a liberal interpretation of the term "use" has been made imperative. Oliver at 1243.
The second case that speaks to the issue before this Court is Nationwide Mutual Insurance Co. v. Steele, 747 A.2d 1013 (R.I. 2000). That case involved a claim by Steele against her insurer for injuries which she sustained at the hands of an armed pedestrian who approached her parked car, assaulted her, forcibly removed her from her car, and then drove off. After denying coverage on the basis that Steele's injuries were not caused by the ownership, maintenance, or operation of an uninsured motor vehicle, the insurer filed suit seeking a declaratory judgment of its liability to Steele. The trial justice granted Steele's motion for summary judgment which Nationwide appealed. Citing Oliver, our Supreme Court reversed, stating that "Steele failed to present evidence of any nexus between her injuries and the operation of an uninsured vehicle." Steele at 1014.
Liberty Mutual Insurance Co. v. Tavarez, 754 A.2d 778 (R.I. 200) completes the trilogy of cases from which both parties seek to draw support. In that case, Tavarez, who was an insured motorist, was shot and killed by two others who had been chasing him in an uninsured motor vehicle.
The assailants pled guilty to charges of second degree murder and were sentenced to serve prison terms. After denying a claim filed by the administrators of Tavarez's estate, the insurer of Tavarez's vehicle filed a complaint asking the Superior Court for a declaratory judgment that decedent's injuries did not arise out of the ownership, maintenance, or operation of an uninsured motor vehicle as would be required for recovery under the uninsured-motorist provision of the policy at issue. The Superior Court entered judgment in favor of Tavarez. Liberty appealed.
The sole issue before our Supreme Court in Tavarez was whether there was a sufficient nexus between the uninsured motor vehicle and the gunshot which caused the fatal injuries. Following its decision in Oliver, the Court reasoned that the use of an uninsured motor vehicle to chase the decedent and as a "shooting platform" constituted a sufficient nexus to find that the tragic accident[3] arose out of the use of an uninsured motor vehicle.
 APPLYING THE LAW TO THE CASE
It is undisputed that injuries resulting from the conduct of mere passengers are not covered by either of the policies at issue. Thus, with creative flair, if not common sense or logic, plaintiff argues that the passenger-assailants became the "de facto" drivers or operators of the vehicle by reason of the fact that their instructions controlled the destination of the taxi. The argument continues that because the passengers were not insured, their operation of the insured taxi constituted the operation of a motor vehicle by an uninsured motorist. Thus, plaintiff contends she can recover under either of the defendants' policies.
This Court is convinced that choosing the destination of a trip taken by a motor vehicle engaged in commercial activity is no more an act of "driving" than the negotiating for take off and landing rights by an airline official seeking to operate a flight between two cities at a given time each day is "piloting" an aircraft. In short, I do not find that the assailants drove or operated the motor vehicle driven by plaintiff. They were passengers, nothing more. And while it is clear our Supreme Court has indicated that coverage under uninsured motor vehicle provisions of policies issued in this state must be interpreted liberally, Oliver, 574 A.2d at 1243, there quite clearly has to be an uninsured motor vehicle to trigger coverage.
The facts presented in both Oliver and Tavarez, that is, the presence of an uninsured motor vehicle, make both of those cases easily distinguishable. I find that Steele is controlling under the circumstances presented here. As the Court stated therein, "we have upheld reasonable limitations on the construction of [the indemnification for uninsured motorist statute] in order to protect insurers from groundless claims. (Citation omitted). "`Such limitations include the requirement that an insured present credible evidence that his or her injury was caused by the owner or operator of an uninsured, an underinsured, or a hit-and-run motor vehicle before a recovery or benefits will be allowed.'" Steele, 747 A.2d at 1014.[4]
Moreover, as to the policy coverage extended to plaintiff by defendant GEICO, the vehicle which plaintiff was operating at the time of the accident was specifically excluded. As clearly stated in the GEICO policy, "insured auto" does not include: (i) an auto used to carry passengers or goods for hire except in a car pool. GEICO Casualty Insurance Co. Policy #KK-53-26, page 10 of 13.
 CONCLUSION
Obviously, I have taken into consideration the terms and conditions of the two policies at issue, documents which were neither attached to nor made a part of the complaint. From a hypertechnical viewpoint, it would appear Super. R. Civ. P. 12(b)(6) requires me to convert defendant National Continental's motion to dismiss to a motion for summary judgment if I consider matters outside the pleadings. See Mymryk v. Bank of New England, 675 A.2d 419 (R.I. 1996). I, however, find that the complaint incorporates the policies, having identified them by the insurer's policy numbers as well as identifying the provisions upon which relief is sought. Accordingly, I find that I am not required to convert defendant National Continental's motion to dismiss to one based on Rule 56. See, e.g., The Clorox Co. Puerto Rico v. The Proctor Gamble Co.,228 F.3d 24, 32 (1st Cir. 2000).
In order to grant a motion to dismiss pursuant to Rule 12(b)(6), it must be clear beyond a reasonable doubt that plaintiff is not entitled to relief under any set of facts provable under the complaint. Builders Specialty Co. v. Goulet, 639 A.2d 59, 60 (R.I. 1994). For the reasons set forth above, and following controlling precedent, I find that because there was no uninsured motor vehicle involved in the accident which resulted in plaintiff's injuries, she can not recover damages against defendant National Continental. Accordingly, I grant defendant National Continental's motion to dismiss.
In order to grant summary judgment, I must find that after reviewing the evidence — here the allegations found in the complaint and the terms of the relevant insurance policies — in the light most favorable to the nonmoving party — there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Galloway v. Roger Williams University, ___ A.2d ___ (R.I. Decided 5/25/01), (citing Woodland Manor III Associates v. Keeney,713 A.2d 806, 810 (R.I. 1998)).
The facts are undisputed. In summary, plaintiff while employed as a taxi driver, was stabbed repeatedly by two passengers which she had driven from one location to another. The insurance coverage of the plaintiff's employer's policy does not extend to injuries resulting from the acts of passengers. Because the accident — actually a violent assault with a dangerous weapon as well as an intentional tort — did not involve an uninsured motor vehicle, I must conclude that GEICO is entitled to summary judgment. In addition, because the policy issued by GEICO specifically excluded recovery for damages sustained as a result the operation of a vehicle for hire, GEICO enjoys a second complete defense to the complaint. For these same reasons I find plaintiff's motion for summary judgment should be denied.
Counsel for the prevailing litigants shall prepare a form of order consistent with this Decision.
[1] Utica Mutual Insurance Co. v. Contrisciane, 473 A.2d 1005 (Pa. 1984).
[2] Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984)
[3] The term "accident" has been held to include intentional acts. Tavarez, 754 A.2d at 780 n. 1.
[4] Further support for defendant's position is found in the nearly identical case of So v. Liberty Mutual Insurance Co., 912 P.2d 607 (Haw. 1996). (Taxi driver stabbed by passenger precluded from receiving benefits under uninsured motorist provision because no uninsured motor vehicle involved.)