**John J. McVICKER et al.**

v.

**TRAVELERS INSURANCE COMPANY et al.**

No. 2000–205–Appeal.

Supreme Court of Rhode Island.

Dec. 3, 2001.

Joseph F. Dugan, Thomas W. Pearlman, Providence, for Plaintiff.

Thomas R. Bender, David Edward Maglio, III/David P. Whitman, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

Can insurers providing uninsured motorist (UIM) coverage require their insureds to provide identification of alleged hit-and-run drivers when submitting property-damage claims allegedly arising from the conduct of such drivers? Yes, we hold, for the reasons specified below.

The plaintiffs, John J. McVicker and Evelyn C. Ruggieri, appeal from a Superior Court judgment granting defendants' motion to dismiss their complaint. After a prebriefing conference, the Court assigned this case to the motion calendar and directed the parties to show cause why the issues raised by this appeal should not be summarily decided. Because the parties have not done so, we proceed to decide the appeal at this time.

The plaintiff, John J. McVicker (McVicker), alleged that on September 29, 1996, a hit-and-run vehicle struck his automobile while it was parked in the parking lot of the Potowomut Golf Club in East Greenwich. He submitted a claim in the amount of $746.50 under the UIM provision of his liability policy to his insurer, defendant Travelers Insurance Company (Travelers), for payment. Travelers refused to pay the claim because McVicker had failed to provide it with the name and address of the owner or operator of the hit-and-run vehicle that allegedly damaged his car. Travelers, however, paid the claim under McVicker's collision coverage minus a $500 deductible.

Evelyn C. Ruggieri (Ruggieri) filed a similar claim with defendant Metropolitan Auto Insurance (Metropolitan) after her car had been damaged in 1997 while it was unattended in a parking lot. Metropolitan also denied Ruggieri's claim for the same reason that Travelers had denied McVicker's claim.

The plaintiffs filed a class action complaint seeking, *inter alia*, a declaratory judgment that G.L.1956 § 27–7–2.1(e) (requiring UIM claims for property damage to include the name, address, and other means of identification of the at-fault operator) was inapplicable to hit-and-run drivers. The plaintiffs contended that this

statutory provision—which requires an insured, when submitting a UIM claim for property damage, to provide "the name, address and other means of identification to establish that the at-fault operator is without insurance," *id.,*—violates public policy and is absurd when it is applied to hit-and-run drivers who, by definition, cannot be identified. The plaintiffs also asserted in their complaint that § 27–7–2.1, the uninsured motorist statute, "clearly intends to protect policyholders who are legally entitled to collect damages from both owners or operators of uninsured motor vehicle[s] *and* hit and run motor vehicles."[1]

The defendants moved to dismiss the complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure for failure to state a claim for which relief could be granted.[2] The plaintiffs defined the classes in their amended complaint as the "Travelers Class" and the "Metropolitan Class." In addition to declaratory relief, plaintiffs also sought a monetary award, and an injunction requiring defendants to "cease and desist from denying coverage or otherwise interpreting [their] contracts to permit denial of hit and run property damage [under] uninsured motorist coverage."

The motion justice granted defendants' motion because she concluded that § 27–7–2.1 was "clear, plain and unambiguous." The justice stated "[t]he statute is clear as it relates to property damage claims. The insured may not recover under such a claim unless the insured provides the carrier with the identity of the tort-feasor.

That's not based on a policy exclusion. That's based on the clear, plain and unambiguous language of the statute." The motion justice also opined that if a change were to be made to the statute concerning the identity of the tortfeasor, it would be up to the Legislature, not the courts, to do so.

■ In their appeal, plaintiffs argue that the motion justice erred in dismissing their complaint. They contend that to require an insured to provide the name and address of an unknown hit-and-run driver constitutes a misinterpretation of § 27–7–2.1(e) and violates public policy. They assert that to construe § 27–7–2.1(e) as applicable to an unknown hit-and-run driver would be absurd and defeat the purpose of uninsured coverage. In support of their contention, plaintiffs rely on this Court's ruling in *Pin Pin H. Su v. Kemper Insurance Companies,* 431 A.2d 416 (R.I.1981).

In *Pin Pin H. Su,* the plaintiff's vehicle struck a utility pole while trying to avoid a collision with an unidentified vehicle that had entered into her lane of travel. The trial court issued a declaratory judgment, finding that the absence of any physical contact between the plaintiff's vehicle and the unidentified vehicle precluded recovery. This Court disagreed with the trial court's finding that there must be physical contact between a negligent "hit-and-run" driver and an insured in order to recover UIM benefits under a liability policy. In this context, the Court defined a "hit-and-run" driver as "a motorist who has caused, or contributed by his negligence to, an

---

**1.** The original complaint named three defendants: Travelers Insurance Company, Metropolitan Auto Insurance, and the Insurance Commissioner of the Rhode Island Department of Business Regulation. The amended complaint, in addition to seeking a declaratory judgment, also sought class action certification pursuant to Rule 23 of the Superior

Court Rules of Civil Procedure and *quo warranto* relief as to the insurance commissioner.

**2.** On April 24, 2000, the parties agreed that the complaint against the Department of Business Regulation would be dismissed with prejudice.

accident and flees the scene *without being identified."* *Pin Pin H. Su,* 431 A.2d at 419. (Emphasis added.) The Court recognized that fraudulent claims were possible, but nevertheless, it concluded, physical contact was not "of significant relevance in the identification and resistance of such claims," because physical contact was not a requirement to recover for a claim under the UIM provisions of the policy. *Id.* But *Pin Pin H. Su* did not differentiate between bodily injury and death claims versus property-damage claims, and it did not address whether the statutory identification requirement for UIM property-damages claims applied to accidents involving alleged hit-and-run drivers.

Thus, the salient issue presented by this appeal was not answered by the Court in *Pin Pin H. Su:* namely, whether § 27–7–2.1(e) requires an insured seeking to recover UIM benefits *for property damage* first to establish the identity of the operator of the alleged "hit-and-run" vehicle.

Section 27–7–2.1(e) provides in pertinent part:

> "Property damage caused by collision shall be subject to a two hundred dollar ($200) deductible per claim unless otherwise agreed. *Any claim submitted under the property damage portion of this section must include the name, address, and other means of identification to establish that the at fault operator is without insurance."* (Emphasis added.)

■ When construing a statute, "this [C]ourt has the responsibility of effectuating the intent of the Legislature by examining the statute in its entirety and giving the words their plain and ordinary meaning." *Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire,* 637 A.2d 1047, 1049 (R.I.1994). "If the statutory language is clear and unambiguous, 'this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meaning' in determining the Legislature's intent." *Local 400, International Federation of Technical and Professional Engineers v. Rhode Island State Labor Relations Board,* 747 A.2d 1002, 1004 (R.I.2000) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I.1996)).

Subsection (e) also must be viewed in the context of § 27–7–2.1 as a whole. Section 27–7–2.1(a)[3] generally provides that an insurer must provide some minimum protection "for bodily injury or death" caused by an uninsured or a hit-and-run motor vehicle, "unless the named insured is purchasing only the minimum coverage required by compulsory insurance provisions of the general laws, in which case the limit can be reduced to zero." *Id.* Property-damage coverage for UIM claims, however, is treated differently. Thus, for example, the named insured always has "the option to reject, in writing, uninsured motorist coverage for loss resulting from damage to property." Section 27–7–2.1(b).

■ "[T]he purpose of enacting the uninsured-motorist coverage statute was to

---

**3.** Section 27–7–2.1(a) provides, in pertinent part:

"No policy insuring against loss resulting from liability imposed by law for property damage caused by collision, bodily injury, or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state *unless coverage is provid-*

*ed therein or supplemental thereto, for bodily injury or death in limits set forth in each policy, but in no instance less than the limits set forth in § 31–31–7 * * * for the pro-* tection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of property damage, bodily injury, sickness, or disease, including death, resulting therefrom." (Emphasis added.)

afford protection to the insured against 'economic loss resulting from injuries sustained by reason of the negligent operation of uninsured motor vehicles or hit-and-run motor vehicles.'" *Pin Pin H. Su,* 431 A.2d at 419 (quoting *Aldcroft v. Fidelity & Casualty Co.,* 106 R.I. 311, 318, 259 A.2d 408, 413 (1969)). However, this Court has held that the legislative purpose of the UIM statute is not "to guard against all economic loss;" hence, "reasonable limitations will be imposed on the construction of the uninsured-motorist statute to 'afford[ ] insurers some financial protection' from unwarranted claims." *Ladouceur v. Hanover Insurance Co.,* 682 A.2d 467, 470 (R.I.1996) (quoting *Amica Mutual Insurance Co. v. Streicker,* 583 A.2d 550, 553 (R.I.1990)).

Pursuant to § 27–7–2.1(e), an insured claimant can recover for property damage under the UIM coverage provisions in the policy when the claimant has provided the UIM insurer with "the name, address, and other means of identification to establish that the at-fault operator is without insurance." In imposing such a limitation, the Legislature has determined that an insured may not recover under a UIM property-damage claim involving a hit-or-run driver unless the insured provides the UIM insurer with the identity of the tortfeasor. *See also Ladouceur,* 682 A.2d at 469 (holding that § 27–7–2.1 contains a requirement that the insured prove that an alleged third party tortfeasor "is in fact an owner or operator of an uninsured, under-insured, or 'hit and run' motor vehicle * * * as a condition precedent to the recovery of [UIM] benefits"). Although such a requirement makes it more difficult for claimants to recover for property-damage claims involving alleged hit-and-run drivers, it does not make it impossible to do so. After all, in some cases, the claimant or another witness may observe the hit-and-run driver or the vehicle's license-plate number, or otherwise be able to obtain sufficient information about the at-fault operator or the hit-and-run vehicle to enable the claimant to identify the operator as required by the statute when submitting a property-damage claim for UIM benefits.

Requiring an insured to present some means of identifying an uninsured or underinsured hit-and-run driver for purposes of recovering on property-damage claims is a rational statutory limitation to afford insurers financial protection against potentially fraudulent claims. As was noted by the motion justice, because § 27–7–2.1 is clear and unambiguous with regard to property-damage claims, and because it does not eliminate the possibility of recovering UIM benefits for property damages caused by hit-and-run drivers, there was no need for judicial construction to avoid an apparent inconsistency in the statute. Construing the UIM statute as a whole, we hold that identifying data about hit-and-run drivers must be submitted to recover on UIM property-damage claims.

Hence, we deny the plaintiffs' appeal and affirm the judgment dismissing their complaint.