**Francisca RODRIGUEZ et al.**

v.

**PROVIDENCE HOUSING AUTHORITY et al.**

No. 2002–562–Appeal.

Supreme Court of Rhode Island.

June 9, 2003.

Desiree M. Santilli/Christopher E. Fay, Cranston, for Plaintiff.

Raymond Alan LaFazia, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG and FLAHERTY, JJ.

**OPINION**

PER CURIAM.

This case came before the Court for oral argument on May 13, 2003, pursuant to an

order directing all parties to appear in order to show cause why the issues raised on this appeal should not be summarily decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

This is a wrongful death action brought by plaintiffs Francisca Rodriguez, her daughter, Francisca Rodriguez, and her grandson, Nuri Rodriguez (plaintiffs). The plaintiffs appeal from the entry of summary judgment in favor of defendant Providence Housing Authority (Housing Authority),[1] pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiffs assert that the hearing justice erred in finding that the Housing Authority owed no duty to the decedent, ninety-five-year old Manuel Rodriguez (the decedent), who fell down the stairs within his apartment and later died from his injuries.

The plaintiffs contend that the Housing Authority negligently failed to transfer the family to a single-story apartment, despite the fact that the Housing Authority was aware that decedent previously had fallen down the same stairs inside the apartment. They concede that there was no defect in the stairs, but point out that not only were all of the bedrooms upstairs, but the single bathroom also was located on the second floor, necessitating decedent's use of the stairs. The plaintiffs maintain that, at a minimum, the Housing Authority should have provided a hospital bed and portable toilet. They contend that failure to provide any of these remedies proximately caused the death of decedent when he subsequently fell down the stairs.

■ The facts in this case essentially are undisputed. With no genuine issues of material fact in dispute, the matter was "ripe for summary judgment." *Richard v. Blue Cross & Blue Shield,* 604 A.2d 1260, 1261 (R.I.1992) (citing *Golderese v. Suburban Land Co.,* 590 A.2d 395, 396 (R.I. 1991)). Accordingly, we will now proceed to conduct a *de novo* review of the grant of summary judgment. *See DiBattista v. State,* 808 A.2d 1081, 1085 (R.I.2002).

In deciding the summary judgment motion, the hearing justice had before him the following evidence: On September 25, 1996, decedent slipped and fell on the stairs inside his two-story family apartment in the Chad Brown housing complex in Providence. After receiving treatment for his injuries, decedent returned to the apartment. On October 4, 1996, decedent submitted a written request for a transfer to a single-story apartment. Attached to the request was a letter from his doctor supporting the application because "[h]aving fallen once, he is at risk to fall again[,]" and that "[i]n the elderly, such falls are associated with greatly increased morbidity." On October 15, 1996, the transfer request was approved. However, due to the lack of availability of any single-story apartments at that time, the family was placed on a waiting list. On November 15, 1996, decedent suffered another fall on the stairway. He was hospitalized and later died as a result of his injuries.

After reviewing this evidence and listening to the arguments of counsel, the hearing justice found that as a matter of law the Housing Authority did not owe decedent a duty. Accordingly, he granted the Housing Authority's motion for summary judgment.

■ It is axiomatic that "[a] defendant cannot be liable under a negligence

---

1. The other defendants in this matter, the City of Providence and Stephen Napolitano, in his capacity as Finance Director and/or Treasurer for the City of Providence, did not join the summary judgment motion and are not parties to this appeal.

theory unless the defendant owes a duty to the plaintiff." *Santucci v. Citizens Bank of Rhode Island,* 799 A.2d 254, 256 (R.I. 2002) (per curiam) (quoting *Ferreira v. Strack,* 636 A.2d 682, 685 (R.I.1994)). "Whether a duty exists in a particular case is a question of law for the trial or motion justice." *Id.* While a "landlord, is not a guarantor for the safety of those persons who might be expected to come upon its property[,]" *Terry v. Central Auto Radiators, Inc.,* 732 A.2d 713, 716 (R.I.1999) (per curiam), it does have a "duty to '[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition.' " *Errico v. LaMountain,* 713 A.2d 791, 794 (R.I.1998) (quoting G.L.1956 § 34–18–22(2)).

In the case before us, the record reveals that the Housing Authority did all that it reasonably could to accommodate decedent's request for a timely transfer by placing him on a waiting list because no appropriate apartments were available in the housing complex. The plaintiffs allege that there is no evidence that the Housing Authority either looked for an apartment in its other housing complexes or that it ever attempted to provide an alternate remedy. Even if these allegations are true, the Housing Authority had no duty to make such provisions. The plaintiffs concede that the staircase was not defective; thus, it did not contribute to decedent's fall. Since the apartment was in a fit and habitable condition, the Housing Authority fulfilled its duty as a landlord under § 34–18–22(2).

Accordingly, and for the foregoing reasons, the appeal is denied and dismissed. The Rule 54(b) summary judgment is affirmed and the papers are remanded to the Superior Court.