**Esther HARDGUITTINI et al.**

v.

**CITY OF PROVIDENCE et al.**

**No. 2002–483–Appeal.**

Supreme Court of Rhode Island.

Dec. 17, 2003.

Dean Robinson, Esq., for Plaintiff.

Michael A. DelSignore, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

This case involves an uninsured motorist (UIM) claim arising out of an automobile accident. The insured plaintiffs, Esther Hardguittini (Esther) and Herwin Hardguittini (Herwin), failed to provide their UIM insurer, the defendant, Peerless Insurance Company (Peerless), with information showing that the alleged tortfeasor was an uninsured motorist or a hit-and-run driver. Consequently, Peerless denied their claim seeking UIM benefits. After the Superior Court granted summary judgment for Peerless and dismissed the complaint, the plaintiffs appealed to this Court. We affirm on the grounds that the plaintiffs failed to prove that the alleged tortfeasor was an uninsured, underinsured, or a hit-and-run driver.

On September 12, 1997, Herwin was involved in a motor vehicle accident with another car near the intersection of Cranston Street and Hanover Street in Providence. At the time, he was operating a vehicle that Esther owned and Peerless insured. According to plaintiffs, the driver of the other vehicle negligently caused the collision. The police responded to the scene, but, according to plaintiffs, the police lost or misplaced the accident report that the investigating officer prepared after gathering all the relevant information at the scene. Without the report, plaintiffs maintained that they were unable to identify the individual who allegedly was responsible for causing the accident: namely, the operator of the other motor vehicle. Consequently, Peerless denied

plaintiffs' claim for uninsured motorist benefits under the policy because there was no evidence that the owner or operator of the other motor vehicle involved in the accident was uninsured or underinsured, much less that the accident involved a hit-and-run collision.

The plaintiffs filed suit against the City of Providence (city) for negligently misplacing the report, and against Peerless for wrongful denial of their UIM claim and for bad faith refusal to pay the same.[1] Peerless moved for summary judgment, which the court granted, and plaintiffs now appeal from the judgment that the Superior Court entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. The plaintiffs' claims against the city are still pending and are not before us on this appeal.

On appeal, plaintiffs argue that Peerless wrongfully dishonored their claim for UIM benefits. They contend that by remaining at the scene and by giving all pertinent information to the investigating police officer, Herwin did everything he was required to do after the accident. The plaintiffs suggest that, through no fault of their own, they are now in the same position as if they had been involved in a hit-and-run collision in which the driver of the other vehicle cannot be identified—a situation that is expressly covered by the UIM provisions of their liability policy with Peerless.

Peerless argues that plaintiffs failed to present it with sufficient information for it to ascertain whether the owner or the driver of the other vehicle was uninsured or underinsured. In any event, Peerless contends this was not a hit-and-run accident. It suggests that, at the time of the accident, Herwin failed to ascertain the make, model, and registration number of the other vehicle, and that he did not obtain the identity of the other driver— information that Peerless needed to determine whether the alleged tortfeasor or the vehicle's owner were insured to any extent. Peerless insists that it should not be obliged to pay for the neglect either of its insureds or of the police department in obtaining and retaining basic information about the other driver and his vehicle.

In ruling in favor of Peerless, the motion justice concluded that this Court's opinions in *Ladouceur v. Hanover Insurance Co.,* 682 A.2d 467 (R.I.1996) (per curiam), and *McVicker v. Travelers Insurance Co.,* 785 A.2d 550 (R.I.2001) (per curiam) controlled the outcome of this case. In both cases, the motion justice concluded, this Court indicated that to collect UIM benefits from a UIM insurer, the insured claimant must first establish either that the other motorist was a hit-and-run driver or that he or she was uninsured or underinsured.

A single justice of this Court ordered the parties to show cause why we should not decide this case summarily. Because they have not done so, we proceed to resolve the appeal at this time.

We are of the opinion that the motion justice correctly relied on the *Ladouceur* and *McVicker* cases in granting summary judgment for Peerless in this case. As in *Ladouceur,* the insured party had an opportunity to ascertain the identity of the alleged tortfeasor and to identify, at the very least, the license and registration number of the alleged tortfeasor's vehicle. *See Ladouceur,* 682 A.2d at 469. The plaintiffs' argue that, by remaining at the

1. Peerless moved to sever plaintiffs' bad-faith claim from the other claims in the complaint. The Superior Court granted the motion and the court stayed all discovery pertaining to the bad-faith claim until final disposition of the remaining claims. Given our affirmance of the judgment in favor of Peerless, the bad-faith claim is now moot.

scene and by providing information about the accident to the responding police officer, Herwin did everything that was reasonable under the circumstances. But *Ladouceur* requires that an insured party attempt to identify the potential tortfeasor and his or her vehicle after an accident, thereby enabling all concerned to determine whether the alleged tortfeasor or the vehicle's owner were uninsured or underinsured. *See Ladouceur*, 682 A.2d at 470–71.

The motion justice also relied on this Court's opinion in *McVicker* in granting summary judgment for Peerless. Although *McVicker*, 785 A.2d at 551, differs from this case because *McVicker* involved only claims for property damage, *McVicker* also applied a specific statutory provision that requires the claimant to submit basic identifying information about the alleged at-fault operator to establish the latter's uninsured or underinsured status. *See* G.L.1956 § 27–7–2.1(e) ("Any claim submitted under the property damage portion of this section must include the name, address, and other means of identification to establish that the at-fault operator is without insurance.").

In *McVicker*, 785 A.2d at 551, the insureds filed property-damage claims with their UIM insurers. The plaintiffs alleged that hit-and-run drivers struck and damaged their vehicles while they were parked in lots. The plaintiffs claimed that the alleged hit-and-run drivers left the accident scenes before plaintiffs discovered the damage to their vehicles. The UIM insurers denied the claims because the insureds failed to provide the names and addresses of the owners of the hit-and-run motor vehicles that allegedly were responsible for causing their property loss. *Id.* The plaintiffs filed a class-action complaint seeking a declaratory judgment that § 27–7–2.1(e) was inapplicable to hit-and-run drivers.

*McVicker*, 785 A.2d at 551. This Court held that, for claims seeking UIM benefits for property damages, the statutory provision requiring minimal identifying information on alleged hit-and-run drivers prior to recovery of such benefits was a valid legislative limit on recovery, albeit it did not apply to personal-injury claims caused by hit-and-run drivers. *Id.* at 554.

As noted above, the facts in *McVicker* differ from those in the present case. In *McVicker*, 785 A.2d at 551, the plaintiffs had no opportunity to determine the identity of the vehicles or the drivers that caused their damages; in other words, according to their versions of what caused the damage to their vehicles, they were clearly the victims of hit-and-run drivers. Despite these circumstances, we held that the statutory requirement of the insured claimant providing its UIM carrier with at least some minimal identifying information concerning the alleged hit-and-run driver before receiving UIM benefits for a property-damage claim was valid. *Id.* at 554. Here, in contrast to *McVicker*, the insured readily could have obtained the necessary identifying information to establish the insured status of the alleged tortfeasor and his vehicle. In this case, however, he mistakenly relied solely upon the police to prepare a report that would contain this information—a report which the police apparently lost or misplaced. Moreover, operators of motor vehicles, such as Herwin, who were involved in an accident that caused damages in excess of $500 are obliged to report information concerning the accident to the Division of Motor Vehicles within twenty-one days of the accident. G.L.1956 § 31–33–1. Thus, given this independent statutory duty for motorists to obtain and report information about the other vehicle involved in an accident, it was unreasonable for plaintiffs to rely solely on the police to obtain and record the other driver's identifying information.

Thus, this case is factually closer to *Ladouceur*, 682 A.2d at 470–71, in which we declined to extend the benefits of UIM coverage to an insured who had the opportunity, but failed, to obtain identifying information concerning the alleged tortfeasors. This failure resulted in the insured's inability to prove that the other driver or the vehicle's owner were uninsured or underinsured. Even though this insured may not be guilty of exactly the same type of inaction or oversight as the plaintiff in *Ladouceur*, the resulting prejudice to the insurer is the same. Consequently, we are of the opinion that the reasoning of this Court in *Ladouceur* and *McVicker* controls the outcome of the present case.

Therefore, we affirm the judgment of the Superior Court.